UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HERBILICIOUS MUSIC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:03-CV-124 CAS |
| ) | |
| JFM INVESTMENTS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for attorney's fees and costs. Defendant did not file any objections to the motion for attorney's fees or costs. For the following reasons, the Court will grant plaintiffs' motion for attorney's fees and costs.

**Standard**

In a copyright infringement action, "The Court in its discretion may allow the recovery of full costs by or against any party . . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "Among the factors a district court can consider in deciding whether to award attorney's fees are 'frivolousness, motivation, objective unreasonableness (both in the factual and the legal components in the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" Mary Ellen Enters., Inc. v. Camex, Inc., 68 F.3d 1065, 1072 (8th Cir. 1995) (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n. 19 (1994)). In a previous memorandum and order, the Court stated that an award of attorney's fees is appropriate in this case. See Order of June 6, 2005, p. 12. The Court ordered plaintiffs to submit a motion for attorney's fees and costs with appropriate documentation. Id. Plaintiffs subsequently have done so.

**Discussion**

The Eighth Circuit has held that "the copyright statute provides for 'reasonable' fees based on the lodestar figure represented by the reasonable hourly rate multiplied by the hours expended in the litigation." Pinkham v. Camex, Inc., 84 F.3d 292, 294 (8th Cir. 1996). Plaintiffs request compensation for attorneys Douglas Copeland, Stephen C. Hiotis, Millicent Dohr, and Melissa Price Smith. Plaintiffs also request compensation for paralegals Sherri Aldrich and Jodi Bottchen. The amount of attorney's fees requested is as follows:

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| Douglas Copeland | 7.30 | $200.00 (2003) | $ 1,460.00 |
| Douglas Copeland | 26.50 | $225.00 (2004) | $ 5,962.50 |
| Douglas Copeland | 35.70 | $235.00 (2005) | $ 8,389.50 |
| Stephen C. Hiotis | 2.00 | $200.00 (2004) | $ 400.00 |
| Stephen C. Hiotis | 14.90 | $220.00 (2005) | $ 3,278.00 |
| Millicent A. Dohr | 2.20 | $175.00 | $ 385.00 |
| Melissa Price Smith | 0.80 | $170.00 | $ 136.00 |
| Sherri L. Aldrich (2004) | 2.70 | $ 85.00 | $ 229.00 |
| Sherri L. Aldrich (2005) | 3.20 | $ 90.00 | $ 288.00 |
| Jodi Bottchen | 1.40 | $ 70.00 | $ 98.00 |
| Total | | | $20,626.50 |

The Court has reviewed attorney Douglas Copeland's affidavit and the records of services rendered and time expended on this case. The Court finds that the hourly rates requested are reasonable given the prevailing market rates in this community and these professionals' experience and qualifications. The Court also believes that the hours on this case were reasonably expended.

Therefore, the Court will award plaintiffs attorney's fees in the amount of $20,626.50.

Finally, plaintiffs request costs in the amount of $724.70, which includes $150.00 for the filing fee, $27.20 for fees for service of summons and subpoena, and $547.00 for fees of the court reporter. The Court finds that these costs are recoverable pursuant to 28 U.S.C. § 1920 and will direct the Clerk of Court to assess costs in the amount of $724.70.

For the foregoing reasons, the Court will award plaintiffs attorney's fees in the amount of $20,626.50 and costs in the amount of $724.70.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for attorney's fees and costs is **GRANTED**. [Doc. 39]

**IT IS FURTHER ORDERED** that plaintiffs are awarded attorney's fees in the amount of Twenty Thousand Six Hundred Twenty-Six Dollars and Fifty Cents ($20,626.50).

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs in the amount of Seven Hundred Twenty-Four Dollars and Seventy Cents ($724.70). [Doc. 40]

                                                                     _____
                                                                     **CHARLES A. SHAW**
                                                                     **UNITED STATES DISTRICT JUDGE**

Dated this 15th day of September, 2005.